UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,      )
     )
     Plaintiff,      )
     )      No. 3:26-CR-81-TAV-JEM
v.      )
     )
DAVI NEN,      )
     )
     Defendant.      )

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Davi Nen's Unopposed Motion for a Protective

Order [Doc. 16]. *See* 28 U.S.C. § 636(b).

Defendant is charged with possessing cocaine (Count One) and marijuana (Count Two with

intent to distribute and will possessing a firearm in furtherance of drug trafficking (Count Three),

all allegedly occurring on June 5, 2026 [Doc. 11 pp. 1–2]. Defendant has subpoenaed records from

the Tennessee Department of Children's Services ("DCS") relating to his involvement with DCS,

which Defendant submits may include medical records, mental health records, Tennessee Family

and Child Tracking System (TFACTS) notes and entries, expert witness reports, and other records

in the custody of DCS related to Defendant through the age of nineteen [Doc. 16 p. 1]. Defendant

submits that Tennessee law requires the confidentiality of DCS records [*Id.* (citing Tenn. Code

Ann. §§ 10-7-504(a)(8), 37-1-409, & 37-5-107)]. While DCS has agreed to provide responsive

materials to Defendant, it will do so only as long as the information requested is appropriate for

disclosure under the Federal Rules of Criminal Procedure and appropriate redactions are made for

other minors identified, victim information, and any information subject to privilege [*Id.* at 1–2].

Defendant therefore asks the Court to enter a protective order [*Id.* at 1]. Counsel for the

Government does not oppose the motion, nor does Assistant Attorney General Wade Barnett, who

represents the interests of DCS in this matter [*Id.* at 2]. Assistant Attorney General Barnett confirmed that the subpoenaed records do not contain information that invokes Rule 17(c)(3), which addresses the personal or confidential information of a person who would be a victim [*Id.*].

Federal Rule of Criminal Procedure 17(c)(1) provides, "[a] subpoena may order [a] witness to produce any books, papers, documents, data, or other objects the subpoena designates." The Sixth Circuit has held that "Rule 17(c) subpoenas are available for use at sentencing." *United States v. You*, No. 2:19-CR-14, 2024 WL 1404378, at *2 (E.D. Tenn. Apr. 1, 2024) (citing *United States v. Cauthon*, No. 19-5613, 2020 WL 13556553 (6th Cir. Jan. 7, 2020) & *United States v. Wheeler*, No. 06-09, 2007 WL 9709920, at *1–2 (E.D. Ky. June 5, 2007)).

"A subpoena duces tecum must be reasonable, specific, and the documents requested must be relevant." *United States v. Justice*, 14 F. App'x 426, 433 (6th Cir. 2001) (citations omitted). Importantly, Rule 17(c) is not intended to be used as a discovery device. *United States v. Nixon*, 418 U.S. 683, 702 (1974); *United States v. Vassar*, 346 F. App'x 17, 24 (6th Cir. 2009); *Justice*, 14 F. App'x at 432. The materials sought through a subpoena duces tecum must be returned in open court or produced to the Court in advance of a proceeding. *United States v. Al-Amin*, No. 1:12–CR–50, 2013 WL 3865079, at *9–10 (E.D. Tenn. July 25, 2013) (observing that materials obtained through a subpoena duces tecum may not be returned to counsel's office).

"The four factors established by *United States v. Nixon* must be met to enforce the subpoena and 'require production' of subpoenaed documents." *You*, 2024 WL 1404378, at *5 (quoting *Nixon*, 418 U.S. at 699). Those factors are that:

> (1) the documents are evidentiary and relevant; (2) the documents are not otherwise procurable reasonably in advance of sentencing by exercise of due diligence; (3) the requesting party cannot properly prepare for sentencing without such production and inspection in advance of sentencing and that the failure to obtain such inspection may tend unreasonably to delay the sentencing; and (4) that the

> application is made in good faith and is not intended as a general "fishing expedition."

*Id.* (quoting *Nixon*, 418 U.S. at 699); *see also Al-Amin*, 2013 WL 3865079, at *10 (explaining that "the *Nixon* test is the appropriate standard" for issuance of a subpoena duces tecum). "Further, 'a subpoena duces tecum has additional requirements of relevance, admissibility[,] and specificity.'" *You*, 2024 WL 1404378, at *2 (quoting *In re Sittenfeld*, 49 F.4th 1061, 1077 (6th Cir. 2022) (other citation omitted & modified)). A court may quash or modify a Rule 17(c)(1) subpoena after issuing it if compliance "would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2); *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951) ("The court may control the use of Rule 17(c) . . . by its power to rule on motions to quash or modify." (footnote omitted)).

Here, Defendant explains that he "spent a significant portion of his childhood in DCS custody" and he seeks the records for mitigation purposes and because they are relevant to the sentencing factors set out in 18 U.S.C. § 3553(a), including specifically the history and characteristics of Defendant [Doc. 16 p. 3]. According to Defendant, the records "will provide critical information as to his childhood and upbringing, which the Court must consider in determining an appropriate sentence" [*Id.*]. Defendant states he cannot otherwise obtain the records because they are "in the sole custody of DCS" [*Id.*]. Defendant further represents that the "request is not intended as a 'fishing expedition'" [*Id.*]. The Court therefore finds Defendant has satisfied the *Nixon* factors and that production in advance of sentencing through a subpoena duces tecum is appropriate in this case.

Defendant also asks the Court to impose a proposed Agreed Protective Order, which he submitted to Chambers via email. Defendant submits that "DCS maintains that Tennessee law requires the confidentiality of Department's records" [Doc. 16 p. 1 (citing Tenn. Code Ann. §§ 10-7-504(a)(8), 37-1-409, 37-1-612, & 37-5-107)]. Defendant submits that "if the Court allows

3

the appropriate redactions and the filing of a protective order, the documents will be within the exceptions for which Department records can be disclosed to the defendant" [*Id.* at 2 (citing to Tenn. Code Ann. § 37-1-612)]. Further, Defendant submits "that upon approval of the requested protective order, . . . the records can be produced pursuant to Tenn. Code Ann. § 37-5-107(c)(7)" [*Id.*]. Section 37-5-107(c)(7) allows "[u]pon written request, [release of] records to any person who is the subject of a report made to the department[.]" *See also* Tenn. Code Ann. § 37-5-107(c)(2) (allowing release "[u]pon presentation of an appropriate court order, [of DCS] records to a . . . court"). DCS agrees that production of the requested records is "appropriate" with the redactions discussed above [Doc. 16 p. 1]. The proposed Agreed Protective Order is signed by counsel for Defendant and the Government.

Rule 16(d)(1) permits the Court to "deny, restrict, or defer discovery or inspection" for good cause shown. Rule 49.1(e)(1) allows the Court to order the redaction of additional information, beyond the redaction of certain personal identifiers required by Rule 49.1,[1] also for good cause shown, DCS asks that the records be redacted "to provide confidentiality and protection of the names of non-related minors, any victim information and other privileged information" [Doc. 16 p. 2]. The Court finds good cause for a protective order for the DCS records to be produced to the Court.

For the reasons explained herein, the Court **ORDERS** as follows:

(1) Defendant's Unopposed Motion for a Protective Order [**Doc. 16**] is **GRANTED**;

(2) the Clerk of Court is **DIRECTED** to provide a copy of this Order and the attached Agreed Protective Order to counsel for both parties;

---

[1] Rule 49.1(a) requires redaction of "an individual's social security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, a financial-account number, or the home address[.]" Fed. R. Crim. P. 49.1(a).

4

(3) DCS shall make production to the Clerk of Court, at the Howard H. Baker, Jr. United States Courthouse, 800 Market Street, Suite 130, Knoxville, Tennessee 37902; and

(4) upon receipt of the records, the Clerk of Court shall maintain the records **UNDER SEAL** pending sentencing and any appeal, shall notify the undersigned that the records have arrived, and shall notify counsel for Defendant that the records are available for inspection and copying; and

(5) a copy of the Agreed Protective Order will accompany all copies of the DCS records.

**IT IS SO ORDERED**.

ENTER:

Jill E. McCook
United States Magistrate Judge

5