UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>DAVI NEN,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:26-CR-81-TAV-JEM |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant's Motion to Continue Trial Date and Relevant Deadlines [Doc. 20], filed on November 6, 2026.

Defendant asks the Court to continue the December 8, 2026 trial date for ninety days and to extend the plea deadline [*Id.* at 1–2]. As grounds, Defendant asserts that counsel for both parties are engaged in plea negotiations [*Id.* ¶ 1]. Defendant also states that defense counsel is in the process of gathering records potentially relevant to these negotiations [*Id.* ¶ 2]. Defendant understands his right to a speedy trial and that the time between the filing of the motion and the new trial date will be excluded from his speedy trial calculation [*Id.* ¶ 3]. The Government has no objection to the motion [*Id.* ¶ 4].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C.

§ 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Specifically, the parties need additional time to conclude plea negotiations and, if plea negotiations are not fruitful, the parties will need time to prepare the case for trial. The Court finds that this cannot occur before the December 8, 2026 trial date.

The Court therefore **GRANTS** Defendant's Motion to Continue Trial Date and Relevant Deadlines [**Doc. 20**]. The trial date is reset to **March 16, 2027**. A new schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motion on November 6, 2026, and the new trial date is fully excludable under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant's Motion to Continue Trial Date and Relevant Deadlines [**Doc. 20**] is **GRANTED**;

(2) the trial date is reset to commence on **March 16, 2027, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **November 6, 2026**, and the new trial date of **March 16, 2027**, is fully excludable under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **February 12, 2027**;

(5) the deadline for filing motions *in limine* is **March 1, 2027**, and responses to motions *in limine* are due on or before **March 9, 2027**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **March 2, 2027, at 1:15 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **March 5, 2027**.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge